UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON BRIDINGER,

    Petitioner,

    v.

MARY BERGHUIS,

    Respondent.[1]

                      /

CASE NO. 05-CV-60114-AA
JUDGE JOHN CORBETT O'MEARA
MAGISTRATE JUDGE PAUL J. KOMIVES

## **REPORT AND RECOMMENDATION**

*Table of Contents*

I.    RECOMMENDATION ................................................................. 1
II.   REPORT ............................................................................. 1
    A.   *Procedural History* .............................................................. 1
    B.   *Factual Background Underlying Petitioner's Plea and Sentence* ........................ 3
    C.   *Standard of Review* ............................................................. 4
    D.   *Sentencing Claims (Claims I & III)* ................................................ 6
        1.   *Clearly Established Law* .................................................... 7
        2.   *Analysis* ................................................................. 7
    E.   *Ineffective Assistance of Counsel (Claim II)* ........................................ 8
        1.   *Clearly Established Law* .................................................... 9
        2.   *Analysis* ................................................................ 10
    F.   *Conclusion* ................................................................... 11
III.  NOTICE TO PARTIES REGARDING OBJECTIONS ...................................... 11

\*    \*    \*    \*    \*

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.   REPORT:

A.   *Procedural History*

    1.    Petitioner Leon Bridinger is a state prisoner, currently confined at the West Shoreline

---

[1] By Order entered this date, Mary Berghuis has been substituted for Percy Conerly as the proper respondent in this case.

Correctional Facility in Muskegon Heights, Michigan.

2. On February 3, 2003, petitioner was convicted of one count of second degree fleeing and eluding, MICH. COMP. LAWS § 750.479a(4)(a); and one count of operating a vehicle under the influence of intoxicating liquor–first offense (OUIL), MICH. COMP. LAWS § 257.625, pursuant to his plea of *nolo contendere* in the Clinton County Circuit Court. On March 3, 2003, he was sentenced to prison term of 38 months to 10 years. The trial court denied petitioner's motion for resentencing on April 23, 2004.

3. Meanwhile, petitioner, proceeding *pro se*, sought leave to appeal the trial court's denial of his request for counsel on appeal. On September 18, 2003, in lieu of granting leave to appeal, the court of appeals remanded the matter to the trial court for counsel to be appointed, pursuant to the court's decision in *Tesmer v. Granholm*, 333 F.3d 683 (6th Cir. 2003) (en banc). *See People v. Bridinger*, No. 248998 (Mich. Ct. App. Sept. 18, 2003).

4. Appointed appellate counsel subsequently filed an application for leave to appeal, raising the following claims:

    I.    THE TRIAL COURT'S FAILURE TO ASK DEFENDANT-APPELLANT WHETHER DEFENDANT-APPELLANT HAD AN OPPORTUNITY TO REVIEW THE PRESENTENCE INVESTIGATION REPORT DURING SENTENCING ENTITLES DEFENDANT-APPELLANT TO RESENTENCING.

    II.    DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE DEFENSE COUNSEL FAILED TO OBJECT TO THE CLEARLY ERRONEOUS SCORING OF THE SENTENCING GUIDELINES.

    III.    THE TRIAL COURT ABUSED ITS DISCRETION WHERE THE TRIAL COURT RECORD IS SILENT AS TO THE REASONS DEFENDANT-APPELLANT'S ORIGINAL SCORING OF THE MICHIGAN SENTENCING GUIDELINES WERE INCREASED AND WRITTEN EVIDENCE OF THOSE REASONS WAS OMITTED FROM THE COURT

FILE.

The court of appeals denied petitioner's application for leave to appeal, but remanded to the trial court for filing of an amended presentence investigation report documenting the correction of the sentencing guidelines to 19-38 months as stipulated by the parties at sentencing. *See People v. Bridinger*, No. 255552 (Mich. Ct. App. July 20, 2004).

     5.     Petitioner, proceeding *pro se*, sought leave to appeal these three issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Bridinger*, 472 Mich. 868, 692 N.W.2d 840 (2005).

     6.     Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on May 19, 2005. As grounds for the writ of habeas corpus, he raises the three claims that he raised on direct appeal in the state courts.

     7.     Respondent filed his answer on November 28, 2005. He contends that petitioner's claims are without merit or not cognizable on habeas review.

B.    *Factual Background Underlying Petitioner's Plea and Sentence*

     Petitioner pleaded *nolo contendere* to second degree fleeing and eluding and to OUIL-first offense. In exchange for petitioner's plea to these charges, the prosecutor agreed to dismiss several other charges against petitioner, to wit: OUIL-third offense, driving without insurance, operating a vehicle on a suspended license, and larceny less than $200. *See* Plea Tr., at 3-4. In response to questioning from the court, petitioner indicated that he understood the plea agreement, that no one had threatened him or made any promises to him in exchange for his plea, and that he had discussed the matter with counsel and was satisfied with counsel's representation. *See id.* at 4-7. Petitioner also indicated that he understood that the maximum penalty on the OUIL charge was 93 days in jail,

and that the maximum penalty on the fleeing and eluding charge was 10 years in prison. *See id*. at 8. The trial court informed petitioner of the rights he was giving up by pleading *nolo contendere*, and petitioner acknowledged that he understood those rights. *See id*. at 9-12. Petitioner indicated that it was his own decision to plead *nolo contendere*. *See id*. at 12. The court then relied on the police report to establish a factual basis for the plea, and accepted petitioner's plea. *See id*. at 14-15.

Prior to sentencing, the prosecutor submitted a letter to the court indicating various corrections that should be made to the presentence investigation report. These changes resulted in an amended guideline range of 19-38 months' imprisonment on the minimum term. Petitioner's counsel stipulated to these corrections. *See* Sentence Tr., at 4-5. Petitioner's only objection at sentencing was to the amount of jail credit calculated in the presentence investigation report. *See id*. at 3-4. After hearing arguments from the prosecutor and defense counsel, and affording petitioner an opportunity to address the court, the court sentenced petitioner to prison term of 38 months to 10 years on the fleeing and eluding charge, with credit for 42 days of time served, and to a jail term of 42 days on the OUIL conviction, with credit for 42 days of time served. *See id*. at 8.

C.   *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

>       (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>       (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the

Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.  *Sentencing Claims (Claims I & III)*

In his first and third habeas claims, petitioner raises various challenges to his sentence. Specifically, he contends that he did not have an opportunity to review the presentence report, that the record is silent as to the reasons that the original scoring of the guidelines was increased, and that written evidence of those reasons was omitted from the court file. The Court should conclude that petitioner is not entitled to habeas relief on these claims.

6

1.      *Clearly Established Law*

As a general matter, a habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987).  Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993).

2.      *Analysis*

Petitioner contends that although the trial court asked defense counsel whether he had reviewed the presentence report with petitioner, the court did not ask petitioner directly whether he had reviewed the report, in violation of a Michigan Court Rule.  However, nothing in the federal Constitution requires a court to consider or even prepare a presentence report.  To the extent that a report was required in petitioner's case, it was required only as a matter of state law; "there is no federal constitutional right to a presentence investigation and report."  *Elswick v. Holland*, 623 F. Supp. 498, 502 (S.D. W. Va. 1985); *accord Lawson v. Riddle*, 401 F. Supp. 410, 412 (W.D. Va. 1975); *cf*. FED. R. CRIM. P. 32(b)(1)(A) (presentence report not required where the information in the record enables the court to exercise its sentencing authority in a meaningful manner).  Because there is no constitutional requirement that a court prepare or consider a presentence report, it follows that petitioner has no constitutional right to review any such report.  *See White v. Kapture*, No. 00-73974, 2001 WL 902500, at *4 (E.D. Mich. June 26, 2001) (O'Meara, J.).  To establish a due process violation, petitioner would have to show "that the sentencing court relied on false information in a presentence report which he was not afforded the opportunity to review."  *Ratliff*

*v. United States*, 999 F.2d 1023, 1028 (6th Cir. 1993); *cf. Rivera v. Smith*, No. 04-71585, 2005 WL 2072081, at *6 (E.D. Mich. Aug. 22, 2005) (Hood, J.). Although petitioner challenges the procedures leading to the trial court's imposition of sentence, he has not challenged, either in this court or the state courts, the accuracy of any factual information in the presentence report, nor has he even argued that the guidelines necessarily were improperly scored. Accordingly, petitioner cannot show a violation of his constitutional rights by the trial court's failure to ask petitioner if he had reviewed the presentence report.

Petitioner also contends that the record is silent as to the reasons the guidelines scoring was amended, and written evidence of those reasons was omitted from the file. This claim fails for two reasons. First, as a factual matter, the reasons for the alterations to the original guidelines scoring was described in detail by the prosecutor, and defense counsel stipulated to those amendments. *See* Sentence Tr., at 4-5. Thus, the reasons for the changes in the guidelines scoring are set forth in the record. Second, as a legal matter this claim again fails to state a federal constitutional claim cognizable on habeas review. Although state law may require a Michigan trial judge to state the reasons for imposing a particular sentence on a defendant, the Constitution does not. Thus, the failure of the trial judge to state his reasons for imposing the particular sentence does not raise a cognizable habeas claim. *See Branch v. Cupp*, 736 F.2d 533, 536 (9th Cir. 1984); *Bennett v. Duckworth*, 909 F. Supp. 1169, 1178 (N.D. Ind. 1995), *aff'd*, 103 F.3d 133 (7th Cir. 1996). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his sentencing claims.

E.     *Ineffective Assistance of Counsel (Claim II)*

Petitioner also contends that counsel was ineffective for failing to challenge the amended

scoring of the guidelines. He also suggests that, had counsel not performed incompetently at sentencing, he would not have pleaded no contest. It is not entirely clear, therefore, whether petitioner is raising a claim based on counsel's performance in connection with the plea itself, or merely in connection with the sentence imposed. In either event, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

1.      *Clearly Established Law*

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two components are mixed questions of law and fact. *See id*. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id*. at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions

in the exercise of reasonable professional judgment." *Id*. at 690.

With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. Where, as here, a petitioner challenges counsel's effectiveness with respect to a no contest or guilty plea, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded [no contest or] guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also*, *O'Hara*, 24 F.3d at 828.

    2.    *Analysis*

To the extent petitioner contends that counsel's ineffectiveness affected his decision to plead guilty, petitioner cannot show a reasonable probability that, but for counsel's alleged errors, he would not have pleaded no contest and insisted on going to trial. Petitioner does not allege that counsel made any promises or estimates as to the applicable sentencing range if he pleaded no contest. On the contrary, petitioner indicated at the plea hearing that no one had made any promise to him other than the plea agreement, which promised only the dismissal of some charges. *See* Plea Tr., at 6. Further, petitioner was advised by the trial court of the maximum sentence on each charge to which he was pleading *nolo contendere*. *See id*. at 9. There is simply no indication in the record that petitioner received any estimate from counsel on the guidelines range, and to the extent that he is now claiming that counsel did so, his conclusory allegations are insufficient to overcome his on-the-record statements at the plea hearing. Thus, petitioner cannot show that counsel's actions rendered his guilty plea unintelligent or involuntary. *See Hastings v. Yukins*, 194 F. Supp. 2d 659,

669-70 (E.D. Mich. 2002) (Cleland, J.).

To the extent that petitioner's claim is confined solely to counsel's performance at sentencing, petitioner again cannot show either that counsel's performance was deficient or that he was prejudiced by counsel's performance. In both his state court appellate brief and his habeas application, petitioner makes only a general, conclusory claim that the guidelines were improperly scored. He does not, however, identify any particular errors in the guidelines scoring, or provide any argument with respect to the manner in which the guidelines were improperly scored. Because he has not identified any particular errors in the scoring of the guidelines, his ineffective assistance of counsel claims fails. *See Ashman v. Crosby*, No. 8:05CV31, 2006 WL 163077, at *11 (M.D. Fla. Jan. 20, 2006); *Colon v. Smith*, No. 99-74565, 2000 WL 760711, at *5 (E.D. Mich. May 8, 2000) (Borman, J.). *See generally*, *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance insufficient to warrant habeas relief); *Malcum v. Burt*, 276 F. Supp. 2d 664, 685 (E.D. Mich. 2003) (Hood, J.) (same). Accordingly, the court should conclude that petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim, regardless of whether the claim is analyzed as a challenge to the sentence or a challenge to the plea itself.

F.    *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's claims are without merit. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver

of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated:3/27/06

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on March 27, 2006.

s/Eddrey Butts
Case Manager