UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON D. BRIDINGER,

    Petitioner,

                                       CASE NO. 5:05-CV-60114
v.                                   HONORABLE JOHN CORBETT O'MEARA
                                     UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S REQUEST TO REOPEN THE HABEAS PETITION OR THE TIME FOR TAKING AN APPEAL**

On May 2, 2006, this Court denied petitioner's habeas application that had been brought pursuant to 28 U.S.C. § 2254. *Bridinger v. Berghuis*, 429 F. Supp.2d 903 (E.D. Mich. 2006). Petitioner has now filed a letter request to reopen the case. For the reasons that follow, the motion to reopen the habeas petition is DENIED.

In his letter request, petitioner asks whether it would be possible to reopen the case due to the fact that his court-appointed attorney "got wrapped up in some illegal activity, and left the case, [thus] there has been no action." Petitioner wants to know whether the case is still open or closed. Petitioner, however, refers to the citation of this Court's published opinion, which clearly indicates that habeas relief was denied in this case. Moreover, a review of that decision and this Court's docket shows that petitioner represented himself *pro se* before this Court, thus, his claim that he has been left in limbo because his court-appointed attorney abandoned the case is without basis.

1

To the extent that petitioner seeks to appeal the denial of his habeas petition, any such appeal is untimely.

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken.  This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978).  The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F. 3d 773, 774 (6th Cir. 1998).  Because more than thirty days have elapsed from when this Court denied petitioner's habeas application, the Sixth Circuit would not have appellate jurisdiction in this matter, unless petitioner was granted an extension of time.

A party asserting that he or she failed to receive prompt notice of an order that he or she wishes to appeal may seek relief for filing an appeal under either Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6). *Zak v. United States*, 133 F. 3d 451, 453 (6th Cir. 1998).

Fed.R.App.P. 4 (a)(5)(A) indicates that a district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) that party shows excusable neglect or good cause.

This Court issued its judgment on May 2, 2006.  Petitioner had until June 1, 2006 to file a notice of appeal.   Petitioner therefore had until July 1, 2006 to file for an extension of time to file an appeal pursuant to Rule 4(a) (5).  To the extent that

2

petitioner's letter could be construed as a motion to reopen the time for filing an appeal, this Court notes that petitioner's letter was dated May 19, 2011. Because petitioner's letter was filed more than 30 days after the expiration of the appeal, petitioner is unable to obtain an extension of the time to file an appeal pursuant to Rule 4(a)(5). *Bailey v. St. Ambrose Academy*, 38 F. 3d 1215(Table); No. 1994 WL 589680, at *1 (6th Cir. Oct. 21, 1994).

Fed. R. App. P. 4(a)(6), however, indicates that a district court may reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered, so long as the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed.R.App. P. 4(a)(6) (emphasis added); 28 U.S.C. § 2107.

Fed. R. App. P. 4(a)(6) is the exclusive remedy for reopening the time for filing a notice of appeal after the statutory time period for filing such an appeal has expired. *See Bowles v. Russell,* 432 F. 3d 668, 672 (6th Cir. 2005). A federal district court lacks the authority to consider a motion to reopen the time for an appeal which is not filed within Rule 4(a)(6)'s time constraints. *See Martin v. Straub,* 27 Fed. Appx. 337, 338 (6th Cir. 2001).

Petitioner is not entitled to invoke the provisions of 4(a)(60 to reopen the time for

filing an appeal for several reasons. First, petitioner does not allege that he did not receive notice of this Court's order denying habeas relief. *See Moss v. Secretary for Dept. of Corrections*, 177 Fed. Appx. 911, 913 (11th Cir. 2006). Secondly, petitioner filed his letter request more than 180 days after this Court entered the order denying habeas relief. Although 4(a)(6) provides that the time for filing an appeal can be reopened when a litigant does not receive notice of a judgment, "it establishes 180 days after the judgment or order is entered as the outer limit by which a motion to reopen must be filed." *Maples v. Thomas,* --- S.Ct. ----, No. 2012 WL 125438, * 20 (U.S. January 18, 2012)(Scalia, J., dissenting)(citing Fed. Rule App. Proc. 4(a)(6)(B)); See also the Advisory Committee Notes to Rule 4(a)(6). Because petitioner filed his letter request more than 180 days after this Court denied habeas relief, any request to reopen the time to file an appeal would be untimely. *Moss,* 177 Fed. Appx. at 913.

Accordingly, it is **ORDERED** that petitioner's request to reopen the case [Dkt. # 31] is **DENIED**.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: January 27, 2012

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 27, 2012, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager